NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0500n.06
Filed: July 16, 2007

No. 06-4115

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| THERESE A. GOTTERMEYER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| NORSTAN, INC., | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | OPINION |
| | ) | |

Before: NORRIS, GILMAN, and SUTTON, Circuit Judges.

PER CURIAM. Therese A. Gottermeyer worked for Norstan, Inc., a provider of voice and data technology services, for 21 years. Norstan experienced significant financial losses as the high-tech sector of the U.S. economy underwent a steep downturn beginning in 2001. To improve the company's financial bottom-line, Norstan embarked on a series of reductions-in-force (RIFs). Gottermeyer was terminated from her position as a marketing communications director as part of the first RIF in October of 2003. She was 59 years of age at the time. Under Norstan's Workforce Reduction Policy (WRP), Gottermeyer was eligible for job-placement assistance and severance pay in exchange for a general release of all claims against the company. She refused to execute the release as written. Norstan, in turn, refused to provide Gottermeyer with severance pay.

Gottermeyer filed a five-count complaint in federal district court on May 18, 2005. In Counts One and Five, she alleged that her termination violated the Age Discrimination in Employment Act (ADEA) and Ohio's law against age discrimination. Count Two alleged that Norstan's WRP violated the ADEA by requiring persons age 40 or older to waive rights to which younger people were not entitled in order to receive similar benefits. In Count Three, Gottermeyer alleged that the WRP violated the Older Workers Benefit Protection Act (OWBPA) because Norstan did not provide workers aged 40 or older with specific consideration for their waiver of any ADEA claims in addition to the benefits to which they were already entitled. Count Four alleged that the WRP constituted a plan subject to the Employee Retirement Income Security Act (ERISA), and that the WRP violated ERISA.

In July of 2006, the district court granted Norstan's motion for summary judgment on all claims. The district court concluded that Gottermeyer had failed to establish a prima facie case of age discrimination. Specifically, Gottermeyer relied on the conclusory allegation that "a thorough statistical analysis" of the 2003 RIF "demonstrates that age was at least a factor and potentially the motivating factor in selecting which employees" would be terminated. But she never engaged an expert witness to conduct such a statistical analysis, instead relying on her own calculation of the percentages of age-protected workers who were considered for termination (70% of the total) and of age-protected workers who were in fact selected for termination (75% of the total).

Norstan, in contrast, submitted a report by an expert witness that applied three widely accepted statistical tests to the data (standard-deviation analysis, chi-square test, and Z test for single samples). These tests all demonstrated that the difference between the percentage of terminated

workers who were age 40 or older and the percentage of older workers in the groups considered for termination was not statistically significant.

Upon de novo review, we conclude that the material facts of this case are not in dispute, that the district court properly applied the applicable law to the facts, and that for us to prepare a detailed opinion would be duplicative of the district court's efforts and would serve no useful jurisprudential purpose. Accordingly, the challenged judgment is **AFFIRMED** on the basis of the district court's well-reasoned opinion.